Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos, Esq.
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Las Vegas, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297

Attorneys for Monica Williams

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MONICA WILLIAMS,<br><br>　　　　　Plaintiff,<br>vs.<br><br>OLCC NEVADA, LLC.; a Foreign Limited-Liability Company, and DOES 1-50,<br><br>　　　　　Defendants. | Case No.:   2:21-cv-00679<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Monica Williams, and files this civil action against Defendants, and each of them, for violations of the Family Medical Leave Act (29 U.S.C. §2601 et seq.), the Americans with Disabilities Act (42 U.S.C. §12101 et. seq.), and 42 U.S.C. §2000e *et seq*. for sex discrimination and the Nevada Revised Statutes §§ 613.330 et seq.; seeking damages, and alleges as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

///

///

///

**COMPLAINT**
-1-

2. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Ms. Williams has exhausted her administrative remedies.

4. All conditions precedent to jurisdiction under Title VII of the Civil Right Act of 1964, as amended, 42 USC §20003 et seq., The Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and The Family Medical Leave Act, 29 U.S.C. §2601 et seq., have occurred or been complied with:

   a. A charge of employment discrimination was filed with the Nevada Equal Rights Commission (hereinafter, "NERC") within 300 days of plaintiff of Defendants' unlawful employment practices alleged herein;

   b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated January 26, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

5. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

6. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff, Monica Williams (hereinafter "Ms. Williams"), was a qualified/eligible "employee" of Defendant, OLCC Nevada, LLC within the meaning of Title VII of the Civil Right Act of 1964, as amended, (42 USC §20003 et seq.), the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*) (hereinafter, "FMLA"); the Americans with Disabilities Act ("ADA") 42 U.S.C. 12101, et seq., and as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA); and related claims under Nevada law.

8. Defendant, OLCC Nevada, LLC, (hereinafter "Defendant") is a foreign corporation qualified to do business in Nevada and employs 50 or more employees and is "employer" within

the meaning of the Family Medical Leave Act; Americans with Disabilities Act ("ADA") and as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"); and related claims under Nevada law. Defendant is located at 3950 Koval Ln, Las Vegas, NV 89109.

9. Ms. Williams is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Ms. Williams is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Ms. Williams will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

## STATEMENT OF FACTS

10. Ms. Williams began her employment with Defendant on or about December 10, 2018. During all relevant times, Ms. Williams was a custodian.

11. Shortly after she began working for Defendant, Ms. Williams began to be sexually harassed by two of her male colleagues, Fernando (last name unknown) a custodian and Domesso (last name unknown) in Maintenance.

12. On April 7, 2019, Ms. Williams complained to Sal Florez, the manager, and to Lionel (last name unknown), another manager, about the sexual harassment that she was subjected to.

13. On April 7, 2019, Ms. Williams submitted a note from her medical provider and requested a reasonable accommodation for some time off to address the stress and anxiety that she was experiencing at work due to the harassment.

14. Defendant denied Ms. Williams' request for leave.

15. The harassment continued and on October 5, 2019, Ms. Williams complained to manager David Martinez about the sexual harassment she was being subjected to by Fernando and Domesso. Again, the Defendants failed to stop their actions.

16. On November 20, 2019, Fernando pulled Ms. Williams into the employee restroom, turned out the lights, and began groping and kissing her. A security officer witnessed, via a

surveillance camera, Fernando pull Ms. Williams into the bathroom. The security officer reported Fernando to the Human Resources department.

17. Human resources initiated an investigation and questioned Ms. Williams about the incident. During the interview Ms. Williams informed human resources employees Terrell Williams and Veronica (last name unknown) about the sexual harassment she was constantly being subjected to by Fernando and Domesso.

18. On December 13, 2019, Fernando and Domesso were discharged for sexual harassment.

19. After Fernando and Domesso were discharged, managers Sal Florez and David (last name unknown), as well as employee Joe Pettsenburger, retaliated against Ms. Williams by excluding her from meetings and forcing her to perform more work than usual. Ms. Williams was required to help other employees but denied help when she needed it with her own work.

20. Ms. Williams also experienced discrimination from several housekeepers, one of whom spat on her.

21. Ms. Williams complained to Human Resources about the retaliatory harassment and retaliatory treatment by the management and by her co-workers. However, nothing was done to correct management and/or her co-worker's behavior.

22. Due to the sexual harassment, the retaliatory harassment, the retaliatory treatment, and denial of the reasonable accommodation request to manager her disability, Ms. Williams suffered severe stress causing her medial provider to recommend that she be placed on medical leave. On January 3, 2020, Ms. Williams' physician prescribed medical leave so that she would manage her medical condition. Ms. Williams submitted the doctor's prescription and requested a reasonable accommodation to take medical leave for one week. However, she was denied.

23. Defendant never engaged in the interactive process to see if a reasonable accommodation could be made to accommodate Ms. Williams' disability.

24. Ms. Williams constructively discharged her employment.

//

//

# COUNT I
# SEXUAL HARASSMENT
### Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)
### Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)
### NV Rev. Stat. §613.330 *et seq.*
### (Against All Defendants)

25. Ms. Williams hereby incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Ms. Williams was subjected to unwanted sexual advances, requests for sexual conduct, and other verbal or physical conduct of a sexual nature during her employment with Defendants which was perpetrated upon her by Defendant's employees, and that this conduct was based upon and directed at Ms. Williams.

27. The conduct was unwelcome.

28. The conduct was sufficiently severe or pervasive to alter the conditions of Ms. Williams employment and create an abusive and/or hostile work environment;

29. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Ms. Williams' physical health, work performance and so at to create an intimidating, hostile and offensive work environment.

30. During the times referenced herein, Ms. Williams was subject to numerous unwanted sexual overtures and was continually harassed by being groped, fondled, and kissed by her co-workers. She was also pushed and trapped in rooms with the lights turned out while she was groped. This conduct did not stop until it was caught on tape by one of the security guards.

31. Ms. Williams notified Defendants, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective action.

32. Defendant was aware of the hostile work environment and acquiesced in the environment.

33. As a direct and proximate result of the harassing and hostile sexual environment of Defendant and the employees, Ms. Williams suffered great embarrassment, humiliation, and mental and physical anguish.

34. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Williams federally protected rights.

35. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above thereby ratifying the unlawful conduct of its agents or supervisors.

36. Ms. Williams requests relief as described in the Prayer for Relief below.

## COUNT II
## AMERICANS WITH DISABILITIES ACT – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
American with Disabilities Act (42 U.S.C. §12101 et. seq.) and
Americans with Disabilities Act Amendments Act of 2008
**(Against All Defendants)**

37. Ms. Williams hereby incorporates paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. Ms. Williams is a qualified person with a disability under the ADA as amended by the ADAAA as he has a condition that substantially limits on or more major life activities including, but not limited to, social interactions, sleeping, concentration, and working. Her disability was the mental anguish caused by the workplace sexual harassment she had endured.

39. Ms. Williams twice brought doctors notes which identified the disability while employed with Defendant.

40. Both times Defendant ignored the request for accommodation and failed to engage in the interactive process when it learned that Ms. Williams needed one.

41. As a legal and proximate cause of Defendant's discriminatory actions, Ms. Williams has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Ms. Williams has suffered such damages in an amount to be proved at trial.

//
//
//

42. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and its supervisors and Human Resources Department, as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

43. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Williams's federally protected rights.

44. Ms. Williams requests relief as described in the Prayer for Relief below.

## COUNT III

### AMERICANS WITH DISABILITIES ACT - FAILURE TO ACCOMMODATE
**American with Disabilities Act (42 U.S.C. §12101 et. seq.)**
**(Against All Defendants)**

45. Ms. Williams hereby incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

46. Ms. Williams, aided with her doctors' notes, requested a reasonable accommodation that she be given time off to deal with the mental anguish associated with the sexual harassment she suffered at work.

47. Defendant completely ignored the doctors' notes and request for accommodation and instead insisted that she continue to work without any time off.

48. Defendant did not provide any reason why it could not accommodate Ms. Williams' request for time off.

49. Defendant failed to engage in the interactive process to determine what accommodations could be provided to Plaintiff.

50. As a legal and proximate cause of Defendants' discriminatory actions, Ms. Williams has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. Ms. Williams has suffered such damages in an amount to be proved at trial.

//
//
//

51. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and its supervisors and Human Resources Department as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

52. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Williams's federally protected rights.

53. Ms. Williams requests relief as described in the Prayer for Relief below.

## COUNT IV

### DISABILITY DISCRIMINATION – RETALIATION
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

54. Ms. Williams hereby incorporates paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Ms. Williams was subjected to the adverse employment action described herein because she requested a reasonable accommodation. Defendant reacted by depriving her of her rights and benefits under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.) by treating her differently after she reported the sexual harassment at work and requested an ADA accommodation prescribed by her doctor for the sexual harassment she experienced.

56. Ms. Williams was subjected to the adverse employment action described herein because of her disability and/or her requests for accommodation and the adverse employment action would not have occurred but for that disability and/or request for accommodation.

57. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Ms. Williams, Ms. Williams has suffered and will continue to suffer pain, humiliation, and emotional distress.

58. Ms. Williams has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Ms. Williams is thereby entitled to general and compensatory damages in amounts to be proven at trial.

//

59. Defendants intentionally, voluntarily, deliberately, and willfully discriminated against Ms. Williams by depriving of or interfering with Ms. Williams's rights and benefits under the American with Disabilities Act (42 U.S.C. §12101 *et. seq.*).

60. Ms. Williams's disability was either the sole reason or a substantial motivating factor for Defendant's decision to adversely affect her employment and ultimately discharge her.

61. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

62. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Williams's federally protected rights.

63. Ms. Williams requests relief as described in the Prayer for Relief below.

## COUNT V

### INTERFERENCE WITH FAMILY MEDICAL LEAVE
**Family Medical Leave Act (29 U.S.C. §2601 et seq.)**
**(Against All Defendants)**

64. Ms. Williams hereby incorporates paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65. Ms. Williams' emotional distress, stress and anxiety that stemmed from her sexual harassment constituted a "serious health condition," defined by the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

66. Defendant interfered with Ms. Williams' exercise of her right to take unpaid intermittent and consecutive leave from work as authorized by the Family Medical Leave Act (29 U.S.C. §2601 et seq.) by refusing to grant her request for leave.

67. Defendant discriminated against Ms. Williams for her request to exercise her right to take unpaid leave from work as authorized by the Family Medical Leave Act (29 U.S.C. §2601 et seq.) by denying her request to be placed on medical leave. These actions prejudiced Ms. Williams in her utilization of her FMLA benefits.

68. Defendant retaliated against Ms. Williams' right to take unpaid intermittent and consecutive leave from work in violation of the Family Medical Leave Act (29 U.S.C. §2601 et seq.) by creating a work environment that left her with no choice but to constructively discharge her employment.

69. As a proximate result of Defendant's discriminatory actions, Ms. Williams has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Ms. Williams has suffered such damages in an amount to be proven at trial.

70. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Williams' federally protected rights.

71. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above thereby ratifying the unlawful conduct of its agents or supervisors.

72. Ms. Williams requests relief as described in the Prayer for Relief below.

### COUNT VI

**HOSTILE WORK ENVIRONMENT**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. §613.330 *et seq.***
**(Against All Defendants)**

73. Ms. Williams hereby incorporates paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. Ms. Williams was subjected to verbal comments, was given unfair additional job duties that were not given to other employees, she was spat upon by a housekeeper, and was denied additional help when needed was denied her ADA accommodation, and this conduct was based upon Ms. Williams complaints of sexual harassment and because she requested ADA accommodation.

//

//

75. The conduct was unwelcome.

76. The conduct was sufficiently severe or pervasive to alter the conditions of Ms. Williams employment and create an abusive and/or hostile work environment;

77. This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Ms. William's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

78. Ms. Williams perceived the working environment to be abusive or hostile.

79. As a direct and proximate result of the harassing and hostile environment of Defendants and her supervisors, Ms. Williams suffered great embarrassment, humiliation, and mental and physical anguish.

80. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Williams federally protected rights.

81. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant described above, thereby ratifying the unlawful conduct of its agents or supervisors.

82. As a direct and proximate result of Defendant's wrongful conduct, Ms. Williams has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

83. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Ms. Williams with malice, oppression, fraud, and with willful and conscious disregard of Ms. William's rights, entitling Ms. Williams to an award of punitive damages.

84. Defendant's conduct described herein was engaged in by managing agents for Defendant and/or ratified by managing agents.

85. Ms. Williams requests relief as described in the Prayer for Relief below.

//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Williams, prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest.
2. Grant general and special damages in amounts according to proof.
3. Grant liquidated damages in amounts according to proof.
4. Grant punitive damages.
5. Reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3), and other applicable statutes.
6. Grant costs of suit incurred herein; and
7. Grant such other and further relief as the court deems just and proper.

DATED this 23rd day of April 2021.

WATKINS & LETOFSKY, LLP

*/s/ Daniel Watkins*

By: _____
Daniel R. Watkins, Esq.
Theresa M. Santos, Esq.
8935 S. Pecos Blvd. Suite 22A
Las Vegas, NV 89074
Attorneys for Plaintiff, Monica Williams

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 23rd day of April, 2021.

                                WATKINS & LETOFSKY, LLP

                                */s/ Daniel R. Watkins*

By: _____
     Daniel R. Watkins, Esq.
     Theresa M. Santos, Esq.
     8935 S. Pecos Blvd. Suite 22A
     Las Vegas, NV 89074
     Attorneys for Plaintiff, Monica Williams